Court now will call Agenda Number 12-116319, In Read and Marriage of Tiballi. I hope that's the correct pronunciation. Are the parties ready to proceed? You may. Madam Chief Justice, Honorable Justices of the Supreme Court, Counsel, May it please the Court, My name is Tim Weiler and I represent Dr. Robert Tiballi in connection with this matter. The issue before Your Honors today is whether the fees charged by a professional appointed pursuant to Section 604B of the Illinois Marriage and Dissolution of Marriage Act constitutes a cost that may be taxed to a voluntarily party, a party who voluntarily dismisses without prejudice petition to modify child custody. Is this a voluntary dismissal? Correct, Your Honor, it is. Why? The We know that there was a motion to dismiss and the trial court granted it. And Robert filed a motion to vacate asking for an opportunity to be heard to vacate the order of dismissal. How could that be said to be a voluntary dismissal by Robert? Well, once the 604B report was completed and the results were returned to the parties, Robert, Counsel for Robert indicated to Counsel for Sheila that he would be voluntarily dismissing. Is there any of that in the record? Well, the order that was entered that assessed the cost says that the costs were assessed pursuant to 735 ILCS 2-1009, which is the voluntary dismissal statute. That may be what the Court said. My last question. Is this a voluntary dismissal where the motion to dismiss, the trial court entered it, and the plaintiff objected to it, the petitioner objected to it, the dismissal? You're saying that's a voluntary dismissal? I believe that both parties agree that it was a voluntarily, voluntary dismissal. And the order that was entered that we appealed from does indicate that the costs were assessed pursuant to that statute. Well, Mr. Weiler, if we disagree with that and if we think that the trial court erred in awarding the fees pursuant to 2-1009, didn't the trial court nonetheless have the authority and, indeed, the responsibility to allocate the fees for 604B? They most certainly did. That is not what the trial court did in this case. Right. And that's my next question. Why shouldn't the cause just be remanded for the court to consider the allocation based on 604B of the Act at this point? Again, I believe it's because the final outcome in the appellate court, the decision, the appellate court's decision in Tabali is that the costs were assessed pursuant to 2-1009. And in doing so, the appellate court has foreclosed a significant right to litigants under 604B, as well as if you look at 506B, which relates to guardians. Litigants are entitled to not only a hearing that will assess the reasonableness of the fees, but also an allocation of the fees. So are you okay with a remand by this court to the trial court to make a determination based on 604B rather than under the voluntary dismissal statute? I am, Your Honor. All right. Okay. Your Honors, it's our position that the lower court has, their decision has greatly expanded what can be considered taxable costs to a voluntary dismissing litigant. The appellate court has poured all categories of court costs into the same bucket as sharing the broad characteristics of mandatory and non-negotiable. And if this decision does stand, that will open up the door for litigants to claim that any costs associated with litigation are taxable to a voluntarily dismissing litigant. I suggest to Your Honors that there are three bases for reversal of the lower court's decision. One, the decision stands in direct contradiction to well-settled Illinois law. Two, the decision stands as a strong deterrent for litigants to voluntarily dismiss an action pursuant to 735 ILCS 5-2-1009 of the Code of Civil Procedure. And three, there are too many differences between the previously identified examples of court costs and fees incurred in connection with a 604B evaluation to lump them together as taxable to a voluntarily dismissing litigant. Therefore, the 604B fees should not be classified as a non-taxable litigation cost and not a taxable court cost. I'll address the first basis for overturn that is contradictory to well-settled law. The lower courts erred in finding that the expert fees incurred by a litigant for a 604B evaluation are recoverable as a court cost under 2-1009. What is taxable as a court cost pursuant to 2-1009 is not specifically enumerated in the statute. Certain costs have previously been considered by this Court. However, the various costs that are associated with the IMDMA have not specifically been addressed. What this Court has done is address certain types of fees and expenses in Gallowich v. Beach Aircraft Corporation and its progeny. In Gallowich, this Court held that nearly $200,000 in defendant's deposition fees were not taxable to a voluntarily dismissing plaintiff. In that decision, this Court held that the test for when the expense of a deposition is taxable as cost is its necessary use at trial. And since the plaintiff voluntarily dismissed prior to trial, the deposition cost incurred by the defendant could not be taxed to the plaintiff. What distinction do you find between court costs and litigation costs? I think there are many distinctions between court costs and litigation costs. If Your Honors look at the Second District opinion, Justice Zinoff lays out several differences and distinctions between what she believes are court costs, which are fixed and mandatory, versus litigation costs, which are not imposed by courts. If you want to, I can get into those. First, if you look at Justice Zinoff's dissent, she says that court costs are paid directly to the clerk of court, and those are examples of filing fees, appearance fees, and alias summons fees. The 604B evaluation, in this case, Dr. DiBali was ordered to pay the 604B fees directly to Dr. Shapiro and not to the clerk of the court. Second, no judgment or court order is required for a party to incur court costs. There is no workable rule.  I'm sorry, Your Honor? It depends upon the factual situation in each case? Well, again, I think Justice Zinoff's dissent is well-reasoned, and she does lay out some examples of what are fixed court costs and, again, what she believes are why this 604B litigation is not a fixed court cost. I would state that the appellate court states that the 604B evaluation was a judicial resource and, therefore, a court cost. But, again, I think that classifying a 604B evaluation as a court cost forecloses a significant right of a litigant to have that hearing based on reasonableness and allocation of the fees. The fees that are incurred in connection with the 604B evaluation or a guardian ad litem are, more often than not, the most expensive portion of a litigation expense when it comes to these types of custody issues. In trying to find a difference, how do you factor in the fact that Dr. Shapiro's report was never used at trial? Well, and I think if you go and if you look at the – that's where I believe cases state what is taxable to a litigant who voluntarily dismisses in the case of Gallowich in that – I'm sorry, could you repeat the question, Your Honor? I lost my spot. How do you factor in Dr. Shapiro's report when you consider the fact that it was never used at trial? Again, I think if you look at the Gallowich decision, the deposition fees or expenses were never used at trial and therefore could not be taxed to the litigant who had dismissed. I believe that the 604B fees incurred here in creating Dr. Shapiro's report are analogous to those deposition fees in Gallowich in that it fails to meet, as far as taxing is concerned, it fails to meet the use at trial test that this court established in Gallowich. Counsel, let me ask you this. What – I think I know the history on it, but I'm not positive, so I'm going to ask you. Obviously, there was the pleading for the modification of custody and then the costs or fees or expenses, whatever you want to call it, are a result of this evaluation. Is that correct? Correct, Your Honor. But here's the question. How did the evaluation come about? I mean, whose directive, whose request, motion, pleading, et cetera? Sure. If you go back to the kind of the factual – the facts of this case, there was a guardian that Lightham appointed. The guardian came back and suggested that the court appoint and conduct a 604B custody evaluation. So then on the court's own motion, it did appoint Dr. Robert Shapiro to do the 604B custody evaluation, and that's how this came about. So then the follow-up question is, in contrast to when a litigant, one of the parties, requests an evaluation, does this scenario make a difference? The one you just explained about how the evaluation came about? Well, certainly a 604B evaluation is a judicial resource and can be only appointed by the court and is the court's own witness. So, you know, is it purely for counsel's use as the depositions in Gallowich? No, it's not purely for counsel's use because it is appointed by the court and it is the court's own witness. But counsel for both parties is going to use this judicial resource, you know, should the – in determining custody. And again, should the case proceed to trial. Thank you. Let me ask you another record question. In that order, where the court, on the court's own motion, that's what I was characterizing, the court's own motion appoints the expert, and then the court also entered an order at that time allocating the costs of the evaluation between the parties equally. Is that right? I believe the order that you're referencing ordered that the guardian ad litem's fees be split equally. Okay. So not the 604B, the September 21st, 2010 order, does not engage who's going to pay for the evaluator? My concern is – this is my concern. Throughout the history of this case, this is all pursuant to section 604B. Correct. And it's only the first time I see anything about voluntary dismissal is long after the case is dismissed. And so the court's – the discussion in the court is no longer the – how fees and costs are paid under 604B, which has been the discussion all the way through, and then only much later after the case is dismissed do we get into this voluntary dismissal discussion for the first time. Is that right? I think it's important to – if you look at the result of Dr. Shapiro's report, it found that there certainly were some issues present, but that ultimately the issues that were present did not give rise to a change in custody that Dr. DiBali was seeking. So given that, and given that this is the court's own witness, I think Dr. DiBali rightly decided that I'm not going to proceed to trial on a case where, you know, I don't believe that I have a good chance of securing the relief that I'm looking for. So given those facts, I think, you know, Dr. DiBali's only recourse was to voluntarily dismiss the case. But he didn't file a motion to voluntarily dismiss, did he? He did not. The counsel for both parties did have a telephone discussion that Dr. DiBali would be voluntarily dismissing his case, and the subsequent orders that were entered following that telephone discussion were not in conformity with the agreement that counsel had come up with over the telephone. So this wasn't a reallocation of costs, is that right? No. The trial court's order was that the costs for the 604B evaluation are taxed directly to Dr. DiBali, pursuant to 2-1009, which requires that in order to dismiss, you must, upon payment of costs, you may dismiss your case. So, you know, again, had the trial court held a hearing wherein they assessed not only the reasonableness of the fees, but also who was in a better financial position to pay these fees, quite frankly, we wouldn't be here. If you look at that, the order that assesses the cost, Dr. Shapiro's cost to Dr. DiBali, it also refuses to grant Sheila any relief or allocate the GAL fees or any of the other photocopying fees as a result of the dismissal. So this was all done after the petition was dismissed? Well, the assessment of the cost was. In my experience in the trial court, when someone wanted to voluntarily dismiss a case, they would bring in a motion and set forth that they had tendered the payment of costs to the other side in order to have the court allow the motion. But obviously that didn't happen here, right? Counsel for Sheila was granted time to file a petition or a motion for costs. Dr. DiBali was unaware of the amount of costs, and therefore he could not tender a check for the amount of costs to Sheila. So in that case, I think the trial court was waiting to hear what exactly Sheila was claiming were her costs in order to enter the dismissal order pursuant to 2-1009. And did Mrs. DiBali bring up this cost, or was this brought up just by the court? Well, she did file a motion for a motion pursuant to order for reimbursement of costs on January 31, 2012. And in that motion, the statute upon which she was seeking relief was 2-1009. She did not ask for a hearing under 604B, which would, again, allocate the costs pursuant to financial ability to pay and also reasonableness of the fees. I want to go back to Gallowich, and again, I suggest that DiBali is similar to Gallowich in that both DiBali and Gallowich never proceeded to trial. And therefore, the 604B evaluation in this case does not satisfy the necessary use of trial test established by this court in Gallowich. That Gallowich decision stood for approximately 20 years when this court had a chance to revisit it in Vicencio v. Lincoln Way Builders. In Vicencio, this court clarified Gallowich in two different ways. But isn't this different, though, because it's a GAL requesting it? Isn't that a little bit different than Gallowich as opposed to a regular deposition? Well, certainly there is a distinction to be made between the deposition fees in Gallowich and, again, what we've talked about is a judicial resource, what the Second District held as a judicial resource. Do you have any case that follows that line of cases? I'm sorry? Do you have anything that follows that line of cases? That is a judicial resource? I'm sorry, Your Honor, I'm not familiar with any cases that establish that line of thinking outside of the Tabali decision. I know that the Second District stated that because this is a judicial resource that Gallowich and Vicencio don't apply. I don't believe that's correct because, again, you have a voluntary dismissal and costs that are taxed pursuant to a voluntary dismissal. Counsel, doesn't the statute 604B say the court may seek the advice of professional personnel, and then the court may appoint? And that's what happened here. So the statute specifically says this is the court asking for advice to assist the court in its decision-making, correct? That's what the statute says. Correct, Your Honor. I think if you look further down in the statute, you'll see that the fees that are associated with this advice are subject to a hearing, and again, based on reasonableness of the fees where the court can determine whether these fees are reasonable, and in addition, subject to a hearing in which allocation of those fees would be decided, as opposed to the case that we have in front of you where Dr. Tabali was not afforded that hearing. He was simply took. Did you object when the court started down this line of voluntary dismissal? Did you stand up and say, wait a minute, we've not had a hearing under 604? I was not actually counsel for Dr. Tabali at that point in time, but I know that an objection was made. Based on 604? Correct. And that the court decided to proceed on and tax the costs, again, pursuant to the dismissal statute. So going back to Vicencio, again, I was stating that this court clarified Gallowich in two key ways. The first of which being that the determinant factor in Gallowich was not necessary use, but rather at trial. And second, this court limited the necessary use at trial test to those specifically referred to by rule or statute. I see that my time is up. Thank you, counsel. Good morning. I'm Debra Anton, the attorney for the defendant appellee Sheila Ilagan Tabali. Ms. Anton? Yes. Why shouldn't this case just be remanded to the trial court for allocation based on 604B and the commensurate ability of the parties to pay? Because it's become an important issue that I believe this court is going to have to address sooner or later. And this is the good case for it because it's a pure 604B appointment. My client, I reasonably believe, will prevail if you remand this case back down to the trial court. But use of 604B appointments in custody, in visitation, and other issues pertaining to family law is not unusual.  And I believe that this Court's decision, contrary to counsel's claim that it will compel parties to throw a Hail Mary, even when an evaluation report does not support their position, it will cause parties to make reasoned, good faith allegations when they bring to the Court's attention such important matters as the custody of a child. Well, here's the rub, though, Ms. Anton. This Court made its determination based on the first question asked by Justice Tice, based on which what this Court may determine was a faulty determination, made it based on 2-10098, right? Yes. Right. And if we find that there was no voluntary non-suit involved in this case, how do we allow a determination to stand under that rather than 604B determination? And let me, before you answer the question, just by way of facts, I'll tell you where I'm going here. The GAL recommended that the Court order a custody evaluation. In May? I'm wrong? The GAL advised the trial court that she did not see these issues being resolved without an evaluation. Okay. In May 2011, the Court on its own motion appointed Dr. Richard Shapiro to conduct that evaluation that we're talking about under the authority of 604B of the Marriage Act. Correct. Correct so far? Yes. The parties were ordered to pay equally the cost of the allegation, the cost of the evaluation, rather, and a quote from the order, without prejudice to ultimate allocation. Correct. And then on November 29, 2011, the parties discussed the terms of the proposed order of dismissal over the phone, but later that day, the trial court, who knows what the discussion was, entered an order of dismissal. And then I understand that there was no objection by the other side, and the motion for cost was under the voluntary non-suit statute, and that was how his determination was made. So back to my first question, why would we not just reverse and remand this for the trial court to make a 604B determination? Almost. The second part of what the court has stated as the sequence of events. Almost days before a multi-day trial on the issue of custody, I was advised that Dr. Tabali was not going to proceed to trial on his petition. The court will note that in the brief, they have established that we were number one for a multi-day trial in front of that court. This is precious time. And by agreement, Mr. Weiler was authorized to let the trial court know immediately, which I know that he did. Is any of that in the record? It's in the brief. And the record is void of any order. And in fact, he admits there's no order. All the conversations you just talked about, and you're understanding what's going on. Is there any of that in the record? It's in the brief. And it was in the pleading that was presented to the court. And those allegations were admitted in the response. But you filed the motion to dismiss, right? Yes. So the circuit court's order was entered in your response to your motion to dismiss? When it developed that no order had been entered disposing of this litigation on the trial day, inconsistent with the local rule that mandated it. The question was, though, was there was an order entered. Yes. Was it in response to your motion to dismiss? The first order, yes, was entered into my, in response to my motion to enter dispositive order, correct. Okay. Well, as the dissent reasons, how can one party, as it's alleged, voluntarily dismiss another party's action? I didn't voluntarily dismiss it. I dismissed it entering a dismissal, a dispositive order that took this case out of limbo. But so it wasn't voluntary. And resolved the litigation. Thereafter, Dr. Tabali came in to modify or vacate that order so that he could be heard on the issue. The court entertained that motion. And the argument that pursued was that the order should be modified so as to be without prejudice. That, this voluntary dismissal without prejudice, brought it within the preview of 1009. And at that point under 1009, my client was entitled to ask for reimbursement of the cost as provided under that particular section. The 604. It was the adding of the language. So you brought the motion to dismiss. The trial court granted it. Yes. The plaintiff, the Petitioner here, objected by the motion to vacate the dismissal, said, I want an opportunity to be heard. Yes. And the court entered an order saying the motion to dismiss was without prejudice. And that's what makes it a voluntary dismissal? And in exactly that same order, the court granted my client leave to file the petition for reimbursement of costs, including costs under section 1009. But not 604. Counsel, could you make sure you stand in front of the microphone? This is being recorded. I'm very sorry. But not 604. Correct. When was the first time anyone talked about voluntary dismissal? There was no limitation under what section she could petition the court under, because as this Court knows, the order appointing the 604B reserved reallocation of that court. So the trial court could have said, I'm reallocating this court as I reserved the power to do so, and he's going to reimburse you. The order did not prohibit that reallocation, but the order that were before the court on specifically found that this cost was an appropriate cost under 1009, and that brought the issue to the appellate court and now to this Court. So that was a sequence of events. But if it was not in fact a voluntary dismissal, then it's not a 2109 cost. Counsel argued that it was a voluntary dismissal. Okay. If you argue, but the words without prejudice does not make it a voluntary or a non-suit, because a non-suit, they could have refiled within one year anyway. It seems to me the concern was whether the order granting your motion to dismiss was with or without prejudice. Yes. Had the order in, well, you couldn't in this area, however, to dismiss a custody petition with prejudice. You can start over. The court is always going to entertain a petition that makes out a cause of action drawing its attention to the best interests of the child, whether it be on ugly allegations or because there's been a change of circumstance. So that with or without prejudice did nothing in terms of framing and structuring the litigation that might ensue between the parties. Ms. Antwon, you started by saying that if this court was to remand for an allocation based on 604B, your position is you'd probably prevail anyway. But you said this is too important a question for us to ignore. Is the question that you want answered is whether under a non-suit in this scenario that cost could be allocated? Yes. Don't you see the problem if we don't think it's a non-suit to answer that question? I will agree with counsel's argument to this court that it was always represented to the trial court that Dr. Dabali was not just not proceeding on his pleading, that he was voluntarily non-suiting, voluntarily withdrawing that petition from consideration before the court. That is correct. And that is the way the ultimate order was also framed, and that's why it refers to that section. Isn't this a case where your motion for cost was based under 1009? There was no objection to a determination based on 1009. The trial judge ruled under 1009, and that's why it's here. But don't we have an affirmative obligation if we think that he made his determination based under the wrong statute to just send it back? I know this is getting a little redundant from my end, but... I don't know that I have the answer yet. I understand the court's concern that it feels a little manipulated. I didn't manipulate it. My client just wanted the case to go away. But I do want to stress that it is important, and we do have the underlying order with the voluntary withdrawal of the petition in the reference to the correct petition section. And it is an important issue. It's an important issue to everyone who practices in this area. So if you have another case that's properly brought, you'll come back, right? We'll have you back to decide that issue? I'd love to come back. You know, I just want to stress, I know this court hears so many kinds of cases from so many people who need your input. But the people that are involved in this litigation, they don't have an insurance company behind them. They don't have a multibillion-dollar conglomerate. The money that these people have to pay comes out of their pockets. And the issues when you're talking about your kids, custody and visitation, are so Ms. Antone, with regard to the lower court's rulings, won't they open up a plethora of items that could be designated as costs and tax to a dismissing plaintiff? No. And why not? Because in this case, this cost to the 604B filled all the requirements. 1009 talks about cost. 604B refers to a cost. The amount that was paid was mandatory. It was non-negotiable. And a party who violates that order is subject to contempt of court. But how are the fees here distinguishable from the GAL's fees? I think the GAL's fees should have been awarded as well. But why wouldn't the GAL's fees be taxed to the husband as well? I think they should have. However, that's not what the trial court ruled. Yes, because that is also a cost. If there's a difference, I'm going to say that in the scheme of this litigation, the GAL functions more as a conduit directly between the child, with the lawyer, with the court, participating in these routine and everyday proceedings and providing input with regard to issues that the court is seeing on a regular basis. The 604B evaluator works for the court, providing that expert input. But so does the GAL. The GAL is appointed by the court. So that's why I'm asking what's the distinguishing factor here. Well, if there is one, and in my opinion, the GAL fee should have also cost, should have also been awarded. I'm saying if there is one, it's because the GAL is closer to the litigation on the day-to-day-to-day basis, appearing in court on a regular basis, unlike the 604B, having unfettered contact with the minor child. Although the 604B obviously has contact for the evaluation. It's not that kind of open, ongoing. I would argue that the 604B has an impact on the court that would be, could be greater than that of the GAL. Absolutely. Had the 604B made other statements to the trial court, made some other argument, some other suggestion, provided other information that she may have garnered from her contact with the lawyers and the parties and the 12-year-old child, the court may, may have made a decision that a 604B was not necessary and that the true issues could have been otherwise managed with the input of the court, the lawyers, and the GAL. But that's not what happened. Anything further? No. It's in the brief. I'm sorry. I didn't hear what you said. It's in the brief, and I read the Internet, and I know you all have the brief, and you've all read it. Thank you so much for your kind attention. Thank you very much. Any rebuttal? Your Honors, I have no rebuttal. I don't know if you have any further questions of me following counsel's argument. Any questions? I don't see any, counsel. Thank you, Your Honors. Thank you, counsel, both. Case number 116319, Emory v. The Marriage of Tobali, is taken under advisement as agenda number 12. Counsel is excused at this time. Thank you very much.